James A. Montee, MO #33489
MONTEE LAW FIRM, P.C.
520 Francis Street
P.O. Box 127
St. Joseph, Missouri 64502
(816) 364-1650
jimmontee@gmail.com
Attorneys for Plaintiff Alexander Brammer

James P. Cannon, MO #37052
MONTEE LAW FIRM, P.C.
10200 Holmes Road
Kansas City, Missouri 64131
(816) 523-0521
jpc.atty@yahoo.com
Attorneys for Plaintiff Alexander Brammer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALEXANDER BRAMMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: |
| v. | ) |
| | ) **COMPLAINT** |
| LOAD SOLUTIONS, INC. and | ) |
| IMRAN SHAHID, | ) |
| | ) **Jury Trial Demanded** |
| Defendants. | ) |

Plaintiff for his claim for relief alleges as follows:

1. Plaintiff Alexander Brammer ("Brammer") is a single individual residing in Kansas City, Jackson County, Missouri.

2. The matters hereinafter alleged occurred in the County of Apache, State of Arizona.

3.  Plaintiff Brammer's damages hereinafter alleged exceed Seventy-Five Thousand Dollars ($75,000.00).

4.  Defendant Load Solutions, Inc. ("LSI"), is a foreign trucking company incorporated in Ontario, Canada assigned USDOT #1500901 with its principal office located at 724 Mason Road, Puslinch, Ontario, doing business throughout the United States including but not limited to the State of Arizona.

5.  At all times relevant herein, LSI acted through its agents, servants or employees. In performing services for LSI, said agents, servants or employees at all times acted within the course and scope of their agency or employment with LSI. Therefore, the negligent, careless and reckless acts and/or omissions of LSI's agents, servants or employees, as pleaded below, are imputable to LSI.

6.  Defendant Imran Shahid (hereinafter "Shahid") is an individual residing in Oakville, Ontario, Canada. At all times relevant herein, Defendant Shahid was acting individually and within the course and scope of his employment and/or agency with Defendant LSI.

### First Cause of Action Against Defendant Imran Shahid

7.  The allegations contained in paragraphs one (1) through six (6) above are incorporated by reference as if set out fully herein.

8.  On or about November 17, 2015 at approximately 6:21 p.m., Plaintiff Brammer was operating a bicycle on westbound Interstate 40 at or near Exit 311C in Apache County, Arizona.

9.  At said time and place, Defendant Shahid, while in the course and scope of his employment and/or agency with Defendant LSI and while operating Defendant

LSI's 2012 Volvo Conventional Truck westbound on Interstate 40, drove up behind Plaintiff Brammer's bicycle and violently collided with Plaintiff's bicycle, causing severe personal injuries to Plaintiff which will be described in more detail in the following paragraphs.

10. Defendant Shahid owed Plaintiff Brammer a duty of reasonable care in driving and operating his motor vehicle.

11. Defendant Shahid was reckless, careless and negligent in driving and operating his motor vehicle in one or more of the following ways:

   a. Defendant Shahid failed to keep a careful lookout.

   b. Defendant Shahid was outside his proper lane of traffic.

   c. Defendant Shahid failed to yield the right-of-way.

   d. Defendant Shahid to properly control his vehicle as necessary to avoid colliding with Plaintiff Brammer's bicycle.

   e. Defendant Shahid followed Plaintiff Brammer's bicycle more closely than is reasonable and prudent in violation of A.R.S. §28-730(A).

   f. Defendant Shahid failed to immediately stop his vehicle at the scene of the accident or as close as possible and immediately return to the accident scene in violation of A.R.S. §28-661.

   g. Defendant Shaid failed to render reasonable assistance to Plaintiff in violation of A.R.S. § 28-663.

   h. Defendant Shahid knew or by the use of a reasonable degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, slackened speed, sounded a warning,

    slackened speed and swerved, slackened speed and sounded a warning, or swerved and sounded a warning and failed to do so.

  i. Defendant Shahid's 2012 Volvo Conventional Truck came into collision with Plaintiff Brammer's bicycle, and Defendant Shahid was thereby negligent.

12. As a direct and proximate result of the acts, conduct and negligence of Defendant Shahid, Defendant Shahid contributed to cause severe injury to Plaintiff Brammer.

### Second Cause of Action Against Defendant Load Solutions, Inc.

13. The allegations contained in paragraphs one (1) through twelve (12) above are incorporated by reference as if set out fully herein.

14. Defendant LSI hired Defendant Shahid for the purpose of delivering product throughout Canada and the United States in one of their semi-tractors.

15. Based on information and belief, Defendant LSI negligently hired and failed to adequately train and supervise Defendant Shahid in the operation of their semi-tractor and in the traffic laws upheld in the United States and specifically in the State of Arizona.

16. After striking Plaintiff Brammer's bicycle, Defendant Shahid failed to immediately stop his vehicle at the scene of the accident or as close as possible and immediately return to the accident scene in violation of A.R.S. §28-661.

17. After striking Plaintiff Brammer's bicycle, Defendant Shahid failed to render reasonable assistance to Plaintiff in violation of A.R.S. §28-663.

18.  Defendant Shahid followed Plaintiff Brammer's bicycle more closely than is reasonable and prudent in violation of A.R.S. §28-730(A).

19.  As a direct and proximate result of the acts, conduct and negligence of Defendant Shahid, Defendant Shahid contributed to cause severe injury to Plaintiff Brammer.

### **Damages**

20.  The allegations contained in paragraphs one (1) through nineteen (19) above are incorporated by reference as if set out fully herein.

21.  As a direct and proximate result of the Defendants' negligent acts, Plaintiff Brammer has suffered and continues to endure severe, permanent and progressive injuries including but not limited to a closed head injury including but not limited to skull fracture with pneumocephalus and concussion; posterior scalp laceration and a facial fracture including stellate forehead laceration and hearing loss on the right. He sustained a clavicular fracture on the right that required open reduction internal fixation, a left humeral fracture that required an ORIF with rod, a pneumothorax on the left secondary to fractures of ribs 9 and 10. He sustained a grade III spleen laceration, bilateral renal contusion, a left fibular fracture, a left ankle dislocation with distal fibular fracture, an L2 transverse process fracture and various other abrasions and contusions. He also sustained a right knee injury which will require future surgery.

22.  As a direct and proximate result of the Defendants' negligent acts, Plaintiff Brammer was caused, and will in the future be caused to incur and become liable for medical care treatment together with mileage and travel expenses associated with that medical care and treatment.

23. As a direct and proximate result of the Defendants' negligent acts, Plaintiff Brammer was caused to sustain a loss of future income and employment opportunities.

24. As a direct and proximate result of the Defendants' negligent acts, Plaintiff Brammer has suffered and continues to endure severe and debilitating pain and weakness, requiring ongoing treatment, additional surgery and the use of prescription pain medications.

WHEREFORE, Plaintiff Brammer pays for judgment against Defendants LSI and Imran Shahid, jointly and severally, as follows:

A. For his special damages as set forth above.

B. For such general damages as are fair and just.

C. For his costs incurred herein.

D. For such other and further relief as may be just and proper.

DATED this 21st day of March, 2016.

MONTEE LAW FIRM, P.C.

By _____
James A. Montee

By _____
James P. Cannon

Attorneys for Plaintiff

6